CAUSE NO. _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **BASS & HAYS FOUNDRY, INC.** | § |
| | § |
| **Plaintiff** | § |
| **v.** | § |
| | § |
| | § |
| **DAL-TEX SPECIALTY &** | § |
| **MANUFACTURING COMPANY** | § |
| **D/B/A DALLAS SPECIALTY &** | § |
| **MFG. CO.** | § |
| | § |
| **Defendant** | § |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Plaintiff Bass & Hays Foundry, Inc. and files this Original Complaint against Defendant Dal-Tex Specialty & Manufacturing Company d/b/a Dallas Specialty & Mfg. Co., and in support respectfully states as follows:

## I.

## PARTIES

1.1     Bass & Hays Foundry, Inc. ("Plaintiff" or "Bass & Hays") is a Texas corporation organized under the laws of the state of Texas with its main office and principal place of business located at 238 S. Bagdad Rd., Grand Prairie, Texas 75050, in Dallas County, Texas.  Plaintiff may be served in this lawsuit by and through undersigned counsel.

1.2     Defendant Dal-Tex Specialty & Manufacturing Company d/b/a Dallas Specialty & Mfg. Co. ("Defendant") is a domestic for-profit corporation organized under the laws of the state of Texas, with its main office and principal place of business located at 1161 Ruggles St., Grand Prarie, Texas 75050, in Dallas County, Texas, and may be served with process by and through its registered agent at its registered address for such agent: Michael R. Knight, 1161 Ruggles St., Grand Prarie, Texas 75050.

## II.

## JURISDICTION AND VENUE

2.1     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §1051 et seq., and under the common law of the State of Texas.  This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, 1338, and 1367.  This Court has subject matter jurisdiction over the related Texas state law claims pursuant to 28 U.S.C. §§1338 and 1367.

2.2.    This Court has personal jurisdiction over Defendant by virtue of Defendant residing, transacting, doing, and soliciting business in this district.  Defendant has extensive contacts with, and conducts business within the State of Texas and this judicial district.  The causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district, and because Defendant has caused tortious injury to Plaintiff in this judicial district.

2.3     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendant has extensive contacts with, and conducts business within, the State of Texas and this judicial district; Defendant has caused products bearing Plaintiff's trademarks to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

## III.

# FACTS

**A.     Plaintiff's Distinctive 404® Trademark**

3.1     Plaintiff distributes American-made gray iron and ductile castings at its Grand Prairie location and has done so for over fifty (50) years. Plaintiff performs work in this judicial district and all over Texas, and has meticulously exerted substantial sums of money, time, and energy developing its name in the gray iron and ductile casting industry, and has built up goodwill and a well-earned reputation as a leader in its industry.

3.2     Every year, Plaintiff devotes substantial resources to advertising and marketing its services, and has trademarked its distinctive products.  One such Bass & Hays product is the "404"® lateral sanitary sewer cleanout—a cast iron pipe device consisting of a cleanout body and cleanout lid with bolts and gaskets, used for access to sewer systems.  Plaintiff's "404"® mark is known throughout the industry and serves to confirm that any cleanout, cleanout body, cleanout lid, or replacement bolts and gaskets, with the 404® label is a Bass & Hays product—complete with the quality workmanship, materials and origin that Bass & Hays proudly stands behind. This is an integral part of the business of Bass & Hays.  Plaintiff's 404 cleanouts have been highly successful and are used by municipalities and construction companies throughout Texas and much of the United States.

3.3     Since at least 1999, Plainitff has continuously used the distinctive trademark 404 to market and sell its 404 cleanouts throughout Texas and the United States.

3.4     Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the 404® mark and the products offered thereunder.  As a result of Plaintiff's efforts, the public has come to recognize and rely upon the 404 mark as an indication of the high quality associated with Plaintiff's products.

3.5     On or about May 26, 2015, the United States Patent & Trademark Office ("PTO") issued to Plaintiff U.S. Trademark Registration No. 4,741,920 for the mark 404 in connection for cast iron pipes, in class 6 (U.S. CLS 2, 12, 13, 14, 23, 25 and 50).  Plaintiff's 404® lateral sanitary sewer cleanout falls within the meaning of "cast iron pipes, in class 6" as that term is used by the PTO.  A true and correct copy of this registration is attached hereto as Exhibit A. Although the registration references a first use/in commerce of (at least) 1-1-2008, Plaintiff has continuously used its distinctive 404 mark since at least 1999.

3.6     The 404 registration is in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Plaintiff with respect to the validity, ownership, and exclusive rights to use the 404 mark throughout the United States.

3.7     As a result of Plaintiff's long-term and widespread use of the 404 mark in the United States via internet, print, and word-of-mouth advertising, the 404 mark enjoys a high degree of consumer recognition within the industry.

**B.     Defendant's Unauthorized Use of Plaintiff's 404 Mark**

3.8     Defendant, without the authorization, approval or permission of Plaintiff, has been using Plaintiff's 404 mark, and confusingly similar variations thereof, to market, promote and sell products that directly compete with Plaintiff's 404® products.

3.9     In order to increase the sales of its products, Defendant has engaged in activities that infringe, dilute, and tarnish Plantiff's 404® trademark, and constitute false advertising and unfair competition.  Defendant has used and continues to use Plaintiff's 404 mark in its internet and printed advertising material, and on the face of Defendant's products.  Defendant has passed off its products as Bass & Hays 404® products.  On information and belief, Defendant has used

the 404 mark, or some confusingly similar version thereof, since in or around 2007—but without Plaintiff's knowledge until 2016.

3.10    Upon information and belief, Defendant is using Bass & Hays' 404® mark with consumers such as contractors, supply houses, and other customers to obtain business by representing, directly or indirectly, that it will be using Bass & Hays' products. However, upon information or belief Defendant is not actually using Bass & Hays' products.  Defendant is or could potentially use Plaintiff's 404® mark in its bids with municipalities on projects.  Defendant's unauthorized use of Plaintiff's 404® mark, and confusingly similar variations thereof, is likely to confuse, mislead, and deceive consumers as to the source of products available through Defendant's website and other advertising instruments.  Further, Defendant's unauthorized use of Plaintiff's 404® mark, and confusingly similar variations thereof, is likely to confuse, mislead, and deceive consumers as to the quality and characteristics of genuine Bass & Hays 404® products.

3.11    Upon information and belief, Defendant is unfairly engaging in conduct to attempt to divert business away from Bass & Hays. Upon information and belief, Defendant is compounding the problem by falsely misrepresenting the use of Bass & Hays' products (by identifying the 404 mark), and instead using products that are not Bass & Hays' products and are of an inferior quality. By and through such conduct, Defendant is benefiting from the improper use of Bass & Hays' 404® mark, and Bass & Hays is being damaged and losing potential business, due to the inappropriate conduct of Defendant.

3.12    Defendant is a competitor of Bass & Hays, has knowledge of Bass & Hays' reputation in the gray iron and ductile castings industry—including cast iron pipes and cleanouts. Further, Defendant has knowledge of the rights in and to Bass & Hays' 404® trademark, and

Defendant has engaged in and is continuing to engage in conduct with the aim of subverting Bass & Hays' potential business, its goodwill and reputation, and is attempting to attract for its own commercial gain and profit by improperly referencing Bass & Hays' products. Bass & Hays has not given its authorization to Defendant to commit this conduct.

3.13    Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the 404® trademark or any variations thereof in connection with the manufacture, marketing, or sale of any products or services.

3.14    On information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's 404® mark.

3.15    Defendant is marketing and selling products with the 404 mark, and confusingly similar variations thereof, through the same and/or substantially similar channels of distribution and to the same target customers as Plaintiff's 404® products.

3.16    On or about August 29, 2016, Plaintiff made a demand on Defendant, demanding that Defendant cease using Plaintiff's 404 mark and remove all "404" references from Defendant's advertising.  Defendant admitted its use of the 404 mark, claimed that Plaintiff's 404® mark was allegedly unenforceable, and refused to cease use of the 404 mark.

3.17    As of the date of this Complaint, Defendant continues to use the 404® trademark, and confusingly similar variations of the 404 trademark, without authorization.  Defendant's failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the 404® trademark. Defendant's acts have been committed with knowledge that Defendant's imitation of the 404 mark was and is intended to be used to cause confusion and mistake, and to deceive consumers.

3.18     As a result of Defendant's wrongful conduct complained of herein, Bass & Hays has suffered immediate and irreparable damages, and in the event Defendant is not restrained from taking certain actions as requested in this Petition, Defendant will continue to cause and Bass & Hays will continue to incur such immediate and irreparable damages.  For the harm and damage done to Bass & Hays, and for the harm and damage that will continue but for the intervention of this Court, Plaintiff has no adequate remedy at law. Bass & Hays' damages are continuing, and difficult to calculate.

3.19     Due to the wrongful conduct of Defendant complained of herein, Bass & Hays has retained the law firm of Hill Gilstrap to prepare and file this Petition and to represent it in this action and has agreed to pay the firm reasonable and necessary attorneys' fees.

## IV.

## CLAIMS

4.1     <u>Alternative Pleadings</u>.  To the extent necessary, each of the claims set forth below is pleaded in the alternative. Bass & Hays references and incorporates paragraphs 1.1 – 3.19 into each claim set forth below as if restated in full therein.

## CLAIM 1:  TRADEMARK INFRINGEMENT UNDER LANHAM ACT

4.2     Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 3.19.

4.3     Defendant's wrongful use of the 404® mark, and confusingly similar variations thereof, in commerce to advertise, promote, market and sell Defendant's products throughout the United States including Texas, constitutes an infringement of Plaintiff's trademark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

4.4     By reason of the foregoing acts, Defendant is liable to Plaintiff for Trademark Infringement under 15 U.S.C. §1114 and 1125(a).

4.5     Defendant's actions, if not enjoined, will continue.   Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the 404® mark, and injury to Plaintiff's business.   Therefore, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §1116.

4.6     Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of products bearing the 404 mark, and confusingly similar variations thereof, Plaintiff's lost profits, and the costs of this action.   In addition, Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorney fees pursuant to 15 U.S.C. §1117.

## CLAIM 2:     UNFAIR COMPETITION AND FALSE ADVERTISING UNDER LANHAM ACT

4.7     Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.6.

4.8     Defendant's use of Plaintiff's 404 mark, and confusingly similar variations thereof, to promote, market or sell its products or services in direct competition with Plaintiff's products and services constitutes Unfair Competition and False Advertising under 15 U.S.C. §1125(a).

4.9     Defendant's use of Plaintiff's 404 mark, and confusingly similar variations thereof, to promote, market or sell its products or services is likely to cause confusion, mistake and deception among consumers as to the affiliation, connection or association of Plaintiff's products, or to deceive consumers as to the origin, sponsorship or approval by Plaintiff of Defendant's counterfeit products.

4.10    Defendant knew or should have known that its statements were false or likely to mislead.

4.11    As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

4.12    Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an account for and disgorgement of profits made by Defendant on sales of products bearing the 404 mark, and confusingly similar variations thereof, Plaintiff's lost profits, as well as recovery of the costs of this action.  Further, Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. §1117.

**CLAIM 3:    TRADEMARK DILUTION UNDER LANHAM ACT**

4.13    Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.12.

4.14    The actions of Defendant described above, including without limitation, Defendant's unauthorized use of Plaintiff's 404® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell Defendant's products in Texas and throughout the United States, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. §1125(c).

4.15    The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things,

diminution in the value of and goodwill associated with the 404® mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116 and 15 U.S.C. §1125(c).

4.16    The actions of Defendant described above were and continue to be deliberate and willful.  Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of products bearing the 404® mark, and confusingly similar variations thereof, Plaintiff's lost profits, and the costs of this action pursuant to 15 U.S.C. §1117.

**CLAIM 4:    FALSE DESCRIPTION UNDER LANHAM ACT**

4.17    Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.16.

4.18    Defendant's wrongful use of Plaintiff's mark is such a colorable imitation and copy of Plaintiff's trademark established in the iron pipe products market that Defendant's use thereof in the context of the iron pipe products market is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plaintiff's products, or to deceive consumers as to the origin, sponsorship or approval by Plaintiff of Defendant's counterfeit products.  Defendant's use of the mark "404" comprises a false description or representation of Defendant's business or products under 15 U.S.C. §1125(a)—Section 43(a) of the Lanham Act.

4.19    As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

4.20    Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an account for and disgorgement of profits made by Defendant on sales of

products bearing the 404 mark and confusingly similar variations thereof, Plaintiff's lost profits, as well as recovery of the costs of this action.  Further, Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. §1117.

**CLAIM 5:  DECLARATORY JUDGMENT**

4.21    Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.20.

4.22    An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights to the "404" mark.

4.23    Plaintiff requests a judicial determination and declaration of the parties' respective rights to the "404" mark.  A judicial declaration of the parties' respective rights and obligations with respect to the foregoing disputed matters is necessary and appropriate.

**CLAIM 6:  STATE LAW UNFAIR COMPETITION**

4.24    Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.23.

4.25    The above-described acts and omission constitute common law unfair competition. More specifically, Defendant has engaged in unfair competition by claiming it is using products identified by Plaintiff's 404 mark, and confusingly similar variations thereof, with consumers.

4.26    Such actions by Defendant amount to false statements because Plaintiff's goods are not being used, which is causing the consumers of these goods to mistakenly believe that Plaintiff's products are being used each time a consumer purchases a product from Defendant bearing the 404 mark or confusingly similar variations thereof.

4.27    As a direct and proximate result of such unfair competition by Defendant, Plaintiff has been damaged within the jurisdictional limits of this Court, for which Bass & Hays now sues. Such damages include Defendant's profits from the 404 mark, and confusingly similar versions thereof, Plaintiff's lost profits, as well as recovery of the costs of this action.

## CLAIM 7:  MONEY HAD AND RECEIVED

4.28    Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.27.

4.29    Defendant received and held money which in equity and good conscience belongs to, and should be returned to, Plaintiff—in particular all monies received by Defendant from the sales of products bearing the 404 mark, and confusingly similar variations thereof.

4.30    Defendant has proximately caused Plaintiff to suffer damages.

4.31    Plaintiff requests equitable relief in the form of disgorgement of all monies received by Defendant, resulting from the sale of products bearing the 404 mark, and confusingly similar variations thereof.

## CLAIM 8:    INJUNCTIVE RELIEF

4.32    Plaintiff repeats and incorporates herein by reference, as though specifically pleaded herein, all allegations in paragraphs 1.1 through 4.27.

4.33    The wrongful and inequitable conduct of Defendant as complained of herein has caused Plaintiff to lose business with customers, has resulted in benefits to Defendant and has greatly prejudiced and harmed Plaintiff, and will continue to damage and irreparably harm Plaintiff in this manner unless and until Defendant is enjoined from engaging in the acts or omissions sought to be restrained in the Prayer for Relief below.  Plaintiff has no adequate remedy at law.  The injury Plaintiff faces outweighs the injury that would be sustained by Defendant as a result of the

injunctive relief.  The injunctive relief requested would not adversely affect public policy or the public interest.  Further, Plaintiff is highly likely to succeed on the merits.

4.34    Therefore, Plaintiff is be entitled to injunctive relief under 11 U.S.C. §1125 and other applicable law.  Accordingly, Plaintiff requests the Court to enter a permanent injunction as requested in the Prayer for Relief, paragraphs A and B—each of which is incorporated as if fully pled herein.

## V.

## CONDITIONS PRECEDENT

5.1    All conditions precedent to Plaintiff's recovery on the claims alleged herein have been performed or have occurred.

## VI.

## DEMAND FOR JURY TRIAL

6.1    Plaintiff demands a jury trial and has tendered, or will tender, the requisite fee.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant on all Claims and:

A. That Plaintiff be granted permanent injunctive relief against Defendant under 15 U.S.C. §1051 et seq.; and federal and Texas common law of trademark infringement; specifically that Defendant and all of its officers, agents, servants, owners, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1.  Using the 404® mark, or any mark confusingly similar to the 404 mark, in connection with the marketing, promotion, advertising, sale, or distribution of any pipe product including without limitation any cleanout, cleanout body, cleanout lid, or related replacement parts;

2.  Affixing the 404® mark, or any mark confusingly similar to the 404 mark, on any of Defendant's products;

3.  Using the 404® mark, or any mark confusingly similar to the 404 mark, in any electronic or hard copy advertising or webpage;

B.  That Defendant file, within twenty (20) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C.  That Plaintiff be awarded all damages against Defendant as pled in each of the above Claims;

D.  That Plaintiff be awarded actual damages against Defendant sufficient to compensate Plaintiff for the damages caused by Defendant under the above Claims, and to the extent permitted by law and/or equity;

E.  That, pursuant to 15 U.S.C. §1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

F.  That, pursuant to 15 U.S.C. §1117, Defendant be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein, and disgorge to Plaintiff all such profits;

G.  That Defendant be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all objects, products, containers, labels, signs, advertising, promotional material and the like

in possession, custody or under the control of Defendant bearing a mark found to infringe on Plaintiff's trademark rights, as well as all molds, dies, plates, and other means of making same;

H.  That Plaintiff be awarded exemplary damages to the fullest extent permitted by law or equity;

I.  That Plaintiff be awarded pre-judgment and post-judgment interest at the maximum rate allowed by law;

J.  That Plaintiff be awarded costs of Court;

K.  That the Court declare this to be an 'exceptional case', and award Plaintiff its full costs and reasonable attorney fees pursuant to 15 U.S.C. §1117 or other applicable law or equity;

L.  That the Court grant Plaintiff any other remedy to which it may be entitles as provided for in 15 U.S.C. §§1116 and 1117 and/or under state law; and

M.  For such other and further relief, general or specific, at law or in equity, as the Court may deem just and proper.

Dated:  September 27, 2016.

Respectfully submitted,

/s/  Frank Hill
Frank Hill            TBN 09632000
David G. Gamble      TBN 24040946
fhill@hillgilstrap.com
dgamble@hillgilstrap.com
HILL GILSTRAP, P.C.
1400 W. Abram St.
Arlington, Texas  76013
(817) 261-2222
(817) 861-4685 FAX

**ATTORNEYS FOR PLAINTIFF**
**BASS & HAYS**